UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN DWAYNE OLIVE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DR. S. LOPEZ, et al.,<br><br>　　　　Defendant. | CASE NO. 1:6-cv-00427-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SUBMIT ADDITIONAL PAGES EXCEEDING THE E-FILING PAGE LIMIT**<br><br>**ORDER DIRECTING CLERK'S OFFICE TO RETURN PLAINTIFF'S ADDITIONAL PAGES TO PLAINTIFF WITH THIS ORDER AND A COPY OF THE STANDING ORDER** |

　　　　Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On March 29, 2016, Plaintiff electronically filed his initial complaint, totaling thirteen (13) pages. (ECF No. 1.)  On April 6, 2016, Plaintiff submitted hardcopies of a number of exhibits as an attachment to his complaint, totaling fifty-eight (58) additional pages.  Plaintiff states that prison officials refused to accept these additional pages for filing because they exceeded the electronic filing page limits.  Therefore, he submitted the hardcopies directly to the Clerk pursuant to Local Rule 133(d)(1).

　　　　As Plaintiff is currently incarcerated at Kern Valley State Prison ("KVSP"), he is subject to the Standing Order In Re: Procedural Rules for Electronic Submission of

Prison Litigation Filed by Plaintiffs Incarcerated at Corcoran, Pleasant Valley, and Kern Valley State Prisons, filed on December 15, 2015.  Pursuant to the Standing Order, which applies to initial filings, new complaints are subject to e-filing and they may not exceed twenty-five (25) pages in length.  Under the Standing Order, if a Plaintiff wishes to file a complaint longer than twenty-five (25) pages, he must so move the Court, include the proposed complaint with the motion, and demonstrate good grounds for exceeding the page limitation.

Plaintiff may not invoke Local Rule 133(d)(1) under these circumstances.  Local Rule 133(d)(1) states that "all paper documents presented for filing shall be delivered to the Clerk who will, *where appropriate*, deliver the documents to the Judge or Magistrate Judge after docketing" (emphasis added).  Plaintiff's fifty-eight (58) additional pages are not appropriately before the Court.

It appears that Plaintiff's additional documents are medical records pertaining to his seizure condition.  Some date back to 2001.  Medical records are rarely appropriately filed with an initial complaint, and Plaintiff has not shown why his are the exception. The Court cannot serve as a repository for parties' evidence (e.g., prison or medical records, affidavits, declarations). The parties may not file evidence with the Court until the course of litigation brings the evidence into question, such as on a motion for summary judgment, at trial, or when specifically requested by the Court.

Therefore, to the extent the paper filing is construed as a motion seeking relief from the Standing Order, it will be denied.  Plaintiff is required to comply with the e-filing procedures set forth in the Standing Order. The Clerk of Court will be directed to return Plaintiff's additional pages to him along with this order and a copy of the Standing Order In Re: Procedural Rules for Electronic Submission of Prisoner Litigation.

Based on the foregoing, it is HEREBY ORDERED that:

1) Plaintiff's motion to submit additional pages in excess of the twenty-five (25) page e-filing limit is DENIED; and

2) The Clerk of Court shall return Plaintiff's additional pages to him along with this Order and a copy of the Standing Order In Re: Procedural Rules for Electronic Submission of Prisoner Litigation.

IT IS SO ORDERED.

Dated: April 13, 2016                             /s/ *Michael J. Seng*
                                                     UNITED STATES MAGISTRATE JUDGE