1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  DAMIEN D. OLIVE, | **CASE NO. 1:16-cv-00427-AWI-MJS (PC)** |
| 11          Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| 12     v. | |
| 13  S. LOPEZ, et al., | **ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL** |
| 14          Defendants. | |
| 15 | **FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION AND A TEMPORARY RESTRAINING ORDER** |
| 16 | |
| 17 | |
| 18 | **(ECF No. 1)** |
| 19 | **FOURTEEN DAY OBJECTION DEADLINE** |
| 20 | |
| 21 | **THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT** |

22

23    Plaintiff Damien D. Olive, a prisoner proceeding pro se and in forma pauperis, filed

24  this civil rights action pursuant to 42 U.S.C. § 1983 on March 29, 2016. Plaintiff's

25  complaint is before the Court for screening.  (ECF No. 1.)

26    Plaintiff has declined Magistrate Judge jurisdiction in this case. (ECF No. 6.) No

27  other parties have appeared in the action.

28

1   **I.      Screening Requirement**

2          The Court is required to screen complaints brought by prisoners seeking relief

3   against a governmental entity or an officer or employee of a governmental entity.   28

4   U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner

5   has raised claims that are legally "frivolous or malicious," that fail to state a claim upon

6   which relief may be granted, or that seek monetary relief from a defendant who is

7   immune from such relief.   28 U.S.C. § 1915A(b)(1), (2).   "Notwithstanding any filing fee,

8   or any portion thereof, that may have been paid, the court shall dismiss the case at any

9   time if the court determines that . . . the action or appeal . . . fails to state a claim upon

10  which relief may be granted."   28 U.S.C. § 1915(e)(2)(B)(ii).

11  **II.     Pleading Standard**

12         A complaint must contain "a short and plain statement of the claim showing that

13  the pleader is entitled to relief. . . ."   Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations

14  are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported

15  by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678

16  (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are

17  not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d

18  677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).   While factual

19  allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

20         Under section 1983, Plaintiff must demonstrate that each defendant personally

21  participated in the deprivation of his rights.   Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

22  2002).   This requires the presentation of factual allegations sufficient to state a plausible

23  claim for relief.   Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962,

24  969 (9th Cir. 2009).   Prisoners proceeding pro se in civil rights actions are entitled to

25  have their pleadings liberally construed and to have any doubt resolved in their favor,

26  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless,

27  the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal,

28  556 U.S. at 678; Moss, 572 F.3d at 969.

### III.    Plaintiff's Allegations

Plaintiff is currently incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, where the acts giving rise to his complaint occurred.   He brings this action against Chief Medical Officer ("CMO") Dr. S. Lopez, Chief Physician Dr. M. Spaeth, and Physician's Assistant C. Ogbuehi ("Defendants"). Plaintiff alleges Defendants violated his right to be free from inhumane conditions of confinement under the Eighth Amendment by denying him adequate medical care to treat his seizure disorder.

Plaintiff's allegations may be summarized essentially as follows:

Plaintiff has suffered from seizures since a 1995 motor vehicle accident.   His condition has been well-documented since he entered the California prison system in 2002.  Left untreated, the disorder could lead to severe disability or premature death.

Over the past eleven years, Plaintiff has been prescribed a number of different medications to control his seizures, including Dilantin, Depakote, Keppra, and topiramate. Only a combination of the drugs gabapentin and oxcarbazepine[1] has proven successful in controlling his seizures. These medications kept him seizure free for over a year.

On December 22, 2015, Plaintiff had a clinical appointment with Ogbuehi, his primary care provider ("PCP"). Plaintiff advised Ogbuehi that his then-current prescription of gabapentin and oxcarbazepine was the only medication combination that successfully controlled his seizures.  Ogbuehi told Plaintiff he would present a treatment plan to the California Correctional Health Care Services ("CCHCS") Institutional Utilization Management ("IUM") committee, chaired by Defendant Lopez, on December 23, 2015 to determine if Plaintiff could continue to receive gabapentin or if it would be discontinued immediately or over time.  According to Ogbuehi, Dr. Lopez did not believe gabapentin was a suitable medication for seizures. Plaintiff asserts that several other prison health care providers, including a neurologist and Ogbuehi, agreed gabapentin was the best treatment for Plaintiff. Plaintiff alleges Dr. Lopez is not a board certified neurologist and

---

[1] Gabapentin is also referred to by its brand name, Neurontin, and oxcarbazepine by its brand name, Trileptal.

1  not trained in neurology.   He claims that it is a deviation from policy to take such a
2  treatment decision from Ogbuehi and give it to the IUM committee.

3      On December 23, 2015, Plaintiff's building nurse told Plaintiff that Ogbuehi had
4  reduced Plaintiff's gabapentin dose from 3600 milligrams daily to 1700 milligrams for one
5  week after which time it was to be discontinued entirely. Dr. Lopez directed this decision
6  because he believed gabapentin was too easily traded between inmates.  On January 19,
7  2016, Dr. Jeff Sao, a "delegate" of Dr. Lopez, interviewed Plaintiff and wrote a
8  memorandum stating gabapentin was not FDA approved for use in generalized seizure
9  disorders such as Plaintiff's. Plaintiff believes this memorandum was written as
10  justification for Dr. Lopez ordering Ogbuehi to discontinue Plaintiff's gabapentin.  Plaintiff
11  states gabapentin is in fact FDA approved to treat generalized seizure disorders if
12  prescribed in conjunction with other antiepileptic medications.

13      Since the cessation of his gabapentin, Plaintiff has submitted four Health Care
14  Services Request Forms ("CDCR 7362") to the facility triage nurse, Jennifer German.
15  German told Plaintiff to stop submitting the forms because there was nothing she could
16  do.

17      Plaintiff alleges he has not been prescribed a substitute for gabapentin and
18  oxcarbazepine by itself will not control his seizures. Since Plaintiff's gabapentin was
19  discontinued, Plaintiff has suffered five to seven seizures and risks further disability.

20      In addition to monetary damages, Plaintiff seeks a preliminary injunction ordering
21  Defendants to reinstate Plaintiff's gabapentin and a temporary restraining order against
22  Defendants.  He also seeks the appointment of counsel.

23  IV.    Discussion

24      A.    Exhaustion

25      Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought
26  with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a
27  prisoner confined in any jail, prison, or other correctional facility until such administrative
28  remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required

1   to exhaust the available administrative remedies prior to filing suit.   Jones v. Bock, 549
2   U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).
3   Exhaustion is required regardless of the relief sought by the prisoner and regardless of
4   the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the
5   exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435
6   U.S. 516, 532 (2002). Because exhaustion must precede the filing of the complaint,
7   compliance with § 1997e(a) is not achieved by exhausting administrative remedies while
8   the lawsuit is pending. See McKinney, 311 F.3d at 1199.

9        A prison inmate in California satisfies the administrative exhaustion requirement by
10  following the procedures set forth in §§ 3084.1-3084.8 of Title 15 of the California Code
11  of Regulations.  In California, inmates "may appeal any policy, decision, action, condition,
12  or omission by the department or its staff that the inmate...can demonstrate as having a
13  material adverse effect upon his or her health, safety, or welfare."   Cal. Code Regs. tit.
14  15, § 3084.1(a).  The inmate must submit their appeal on the proper form, and is required
15  to identify the staff member(s) involved as well as describing their involvement in the
16  issue. See Cal. Code Regs. tit. 15, § 3084.2(a).  These regulations require the prisoner to
17  proceed through three levels of appeal. See Cal. Code Regs. tit. 15, §§ 3084.1(b),
18  3084.2, 3084.7. A decision at the third formal level, which is also referred to as the
19  director's level, is not appealable and concludes a prisoner's departmental administrative
20  remedy. See id.

21       "[I]nmates are not required to specially plead or demonstrate exhaustion in their
22  complaints." Jones, 549 U.S. at 216. The PLRA's exhaustion requirement is not
23  jurisdictional; it creates an affirmative defense that defendants must plead and prove. Id.
24  However, "in those rare cases where a failure to exhaust is clear from the face of the
25  complaint," dismissal for failure to state a claim is appropriate, even at the screening
26  stage. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014). See also Wyatt v. Terhune,
27  315 F.3d 1108, 1120 (9th Cir. 2003) (stating that "[a] prisoner's concession to
28  nonexhaustion is a valid ground for dismissal"), overruled on other grounds by Albino,

1   747 F.3d at 1166; Sorce v. Garikpaetiti, No. 14-cv-0327 BEN (JMA), 2014 WL 2506213,

2   at *2 (S.D. Cal. June 2, 2014) (relying on Albino and dismissing the complaint on

3   screening because "it is clear from the face of [plaintiff's] pleading that he has conceded

4   that he failed to exhaust all available administrative remedies . . . before he commenced

5   this action").

6       Plaintiff's complaint reflects a failure to exhaust his administrative remedies. He

7   says his administrative appeal was "summarily denied" and that further administrative

8   appeal would be pointless since it would be reviewed by Defendant Dr. Lopez. Such

9   pleading is inconsistent with exhaustion.

10      The PLRA requires an inmate exhaust only those administrative remedies that are

11  available to him.   Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010).   Plaintiff's

12  anticipation of an unfavorable resolution to his appeals or his belief in the inadequacy of

13  relief available through such appeals does not make the administrative remedy

14  unavailable; he must still pursue  all administrative avenues available within the prison

15  prior to filing a lawsuit.   Booth, 532 U.S. at 741.   Plaintiff's complaint will therefore be

16  dismissed for failure to exhaust administrative remedies.   Plaintiff will be granted leave to

17  amend.  Should Plaintiff choose to amend, he must state with specificity the steps he did

18  or did not take toward exhausting his administrative remedies prior to filing suit.

19      **B.    Medical Indifference**

20      Without analyzing the merits of Plaintiff's claim, the Court will advise Plaintiff of the

21  standard for pleading a cognizable Eighth Amendment medical indifference claim.

22  Should Plaintiff choose to amend, he must take care to meet this standard.

23      For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must

24  show (1) a serious medical need by demonstrating that failure to treat [his] condition

25  could result in further significant injury or the unnecessary and wanton infliction of pain,"

26  and (2) that "the defendant's response to the need was deliberately indifferent."   Wilhelm

27  v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091,

28  1096 (9th Cir. 2006)).   Deliberate indifference is shown by "(a) a purposeful act or failure

to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

The second element of an Eighth Amendment claim is subjective deliberate indifference, which involves two parts. Lemire, 726 F.3d at 1078. Plaintiff must demonstrate first that the risk was obvious or provide other circumstantial evidence that Defendants were aware of the substantial risk to his health, and second that there was no reasonable justification for exposing him to that risk. Id. (citing Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)) (quotation marks omitted). There must be some causal connection between the actions or omissions of each named defendant and the violation at issue; liability may not be imposed under a theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77; Lemire, 726 F.3d at 1074-75; Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

## C. Linkage

Finally, under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons, 609 F.3d 1011, 1020-21(9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act

1    to prevent them." <u>Lemire v. Cal. Dept. of Corrections & Rehabilitation</u>, 726 F.3d 1062,

2    1074-75 (9th Cir. 2013) ("A prison official in a supervisory position may be held liable

3    under § 1983 . . . 'if he or she was personally involved in the constitutional deprivation or

4    a sufficient causal connection exists between the supervisor's unlawful conduct and the

5    constitutional violation.'") (quoting <u>Lolli v. Cty. of Orange</u>, 351 F.3d 410, 418 (9th Cir.

6    2003)); <u>Starr v. Baca</u>, 652 F.3d 1202, 1205-08 (9th Cir. 2011); <u>Corales v. Bennett</u>, 567

7    F.3d 554, 570 (9th Cir. 2009); <u>Preschooler II v. Clark Cty. Sch. Bd. of Trs.</u>, 479 F.3d

8    1175, 1182 (9th Cir. 2007); <u>Harris v. Roderick</u>, 126 F.3d 1189, 1204 (9th Cir. 1997).

9      Plaintiff has currently alleged no facts linking Dr. Spaeth to the violation of his

10    rights; indeed, Dr. Spaeth's name appears nowhere in Plaintiff's complaint outside of the

11    caption.   Plaintiff is advised that his amended complaint must link Dr. Spaeth to the

12    constitutional violations alleged.

13    **V.      Request for a Preliminary Injunction and a Temporary Restraining Order**

14      Plaintiff seeks a preliminary injunction ordering Defendants to reinstate Plaintiff's

15    gabapentin "until time of trial or when no longer deemed essential by this Honorable

16    Court."   He also requests a temporary restraining order against "both of the defendants

17    involved as health care providers" for as long as he is housed at KVSP.

18      The purpose of a temporary restraining order is to preserve the status quo before

19    a preliminary injunction hearing may be held; its provisional remedial nature is designed

20    merely to prevent irreparable loss of rights prior to judgment. <u>Sierra On-Line, Inc. v.</u>

21    <u>Phoenix Software, Inc.</u>, 739 F.2d 1415, 1422 (9th Cir. 1984). Under Federal Rule of Civil

22    Procedure 65, a temporary restraining order may be granted only if "specific facts in an

23    affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or

24    damage will result to the movant before the adverse party can be heard in opposition."

25    Fed. R. Civ. P. 65(b)(1)(A).

26      The analysis for a temporary restraining order is substantially identical to that for a

27    preliminary injunction, <u>Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.</u>,

28    240 F.3d 832, 839 n.7 (9th Cir. 2001), and "[a] preliminary injunction is an extraordinary

1   remedy never awarded as of right," <u>Winter v. Natural Resources Defense Council, Inc.</u>,
2   555 U.S. 7, 24 (2008) (citation omitted).

3         "A plaintiff seeking a preliminary injunction must establish that he is likely to
4   succeed on the merits, that he is likely to suffer irreparable harm in the absence of
5   preliminary relief, that the balance of equities tips in his favor, and that an injunction is in
6   the public interest." <u>Id.</u> at 20 (citations omitted). Alternatively, a preliminary injunction
7   may issue where the plaintiff demonstrates the existence of serious questions going to
8   the merits and the hardship balance tips sharply toward the plaintiff, assuming the other
9   two elements of the <u>Winter</u> test are also met. <u>Alliance for the Wild Rockies v. Cottrell</u>,
10  632 F.3d 1127, 1131-32 (9th Cir. 2011). Under either formulation of the principles,
11  preliminary injunctive relief should be denied if the probability of success on the merits is
12  low. <u>See</u> <u>Johnson v. Cal. State Bd. of Accountancy</u>, 72 F.3d 1427, 1430 (9th Cir. 1995)
13  (even if the balance of hardships tips decidedly in favor of the moving party, it must be
14  shown as an irreducible minimum that there is a fair chance of success on the merits).

15        As Plaintiff has failed to state a claim upon which relief may be granted, there is no
16  case or controversy before the Court; therefore, Plaintiff is not entitled to preliminary
17  injunctive relief at this time. <u>Knapp v. Cate</u>, No. 1:08–cv–01779–AWI–WMW PC, 2009
18  WL 1684900, at *1 (E.D. Cal. June 19, 2009) (citing <u>Zepeda v. United States Immigration</u>
19  <u>Service</u>, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction *if* it
20  has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it
21  may *not* attempt to determine the rights of persons not before the court.")). Therefore, the
22  Court will recommend denying Plaintiff's motion for a preliminary injunction and a
23  temporary restraining order.  Plaintiff will be given fourteen days to file any objections to
24  the Court's order.

25  **VI.    Request for Appointment of Counsel**

26        Plaintiff requests the appointment of an attorney.   Plaintiff does not have a
27  constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520,
28  1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff

9

pursuant to 28 U.S.C. § 1915(e)(1), <u>Mallard v. United States Dist. Ct. for the S. Dist. of Iowa</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, the District Court must evaluate both the likelihood of success of the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. <u>Id.</u> (citations omitted).

In the present case, the Court does not find the required exceptional circumstances. At this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Plaintiff claims that he is an "ADA" inmate, presumably meaning an inmate subject to the Americans with Disabilities Act. However, Plaintiff does not support his claim, nor does he detail how his particular disabilities affect his ability to litigate this case. Plaintiff presently faces no pending deadlines in this case, and he may request an extension of time if he has trouble meeting deadlines in the future.

Plaintiff's present request for appointment of counsel will be denied without prejudice. If the Plaintiff can show good cause why he needs a lawyer appointed, the Court may reconsider his motion. The Court may also reevaluate the propriety of appointing counsel if and when Plaintiff's case proceeds to trial.

**VII.   Conclusion**

Plaintiff's complaint will be dismissed for failure to exhaust administrative remedies. Plaintiff will be given thirty days from the date of this order to amend his complaint if he believes, in good faith, he can cure the identified deficiencies. <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212-13 (9th Cir. 2012); <u>Lopez</u>, 203 F.3d at 1130-31; <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In the alternative, Plaintiff may file a

notice of voluntary dismissal with the Court.  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>George</u>, 507 F.3d at 607.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. <u>Iqbal</u>, 556 U.S. at 676-77; <u>Starr</u>, 652 F.3d at 1205-07.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.  Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend;

2.  Plaintiff's request for the appointment of counsel (ECF No. 1) is DENIED;

3.  The Clerk's Office shall send Plaintiff a blank complaint form along with a copy of the complaint filed March 29, 2016;

4.  Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order <u>or</u> a notice of voluntary dismissal; and

5.  If Plaintiff fails to comply with this order, the Court will recommend this action be dismissed, without prejudice, for failure to state a claim and failure to obey a court order, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

Additionally, it is HEREBY RECOMMENDED that:

6.  Plaintiff's request for a preliminary injunction and a temporary restraining order (ECF No. 1) be DENIED.

1    These Findings and Recommendation are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within
3  **fourteen (14) days** after being served with these Findings and Recommendation,
4  Plaintiff may file written objections with the Court.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."   Plaintiff is advised
6  that failure to file objections within the specified time may result in the waiver of rights on
7  appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan,
8  923 F.2d 1391, 1394 (9th Cir. 1991)).

9

10  IT IS SO ORDERED.

11     Dated:   July 28, 2016            /s/ *Michael J. Seng*
12                                      UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28